NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHEN H. SMITH dba STEPHEN H SMITH REPAIR AND
RENOVATIONS, *Petitioner Employer*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

JUAN SANCHEZ, *Respondent Employee*,

SPECIAL FUND DIVISION/NO INSURANCE SECTION,
*Respondent Party in Interest*.

No. 1 CA-IC 17-0050
FILED 5-10-2018

Special Action - Industrial Commission
No.  20162-070060
The Honorable Layna Taylor, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Stephen H. Smith, Phoenix
*Petitioner Employer*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent, ICA*

Juan Sanchez, Phoenix
*Respondent Employee*

Industrial Commission of Arizona, Phoenix
By Scott J. Cooley
*Counsel for Respondent Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Peter B. Swann joined.

---

**H O W E**, Judge:

¶1      This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a compensable claim. The petitioner employer, Stephen Smith, presents one issue on appeal: whether Juan Sanchez was an employee of his business. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2      In July 2016, Sanchez worked with Smith at a client's house. While there, Sanchez used tools that Smith provided to climb up a tree to trim it. The branch Sanchez was sitting on snapped and he fell 20 feet, landing on his back on the concrete floor below. Sanchez filed for worker's compensation, listing Smith as his employer. The ICA found that Sanchez had a compensable injury. Smith disagreed and requested a hearing.

¶3      At the hearing before an administrative law judge ("ALJ"), Sanchez testified that he worked for Smith for the last ten years and that he worked 40 hours a week. He explained that Smith would text him daily about jobs and that the two would meet either at the job location or at Smith's home before going together to the job location. Sanchez testified that he did not have his own business or his own tools, did not work for other people, and did not have climbing equipment because Smith never provided safety equipment. He also testified that he did not believe he could decline work requests from Smith and that he had to respond when Smith called. Sanchez further testified that Smith paid him by the hour in cash because Smith did not want to pay him by check. Finally, Sanchez stated that Smith sometimes gave him a time frame for projects and that he had to complete the work in the manner Smith wanted.

¶4          Smith testified that he had his current home repair and maintenance business since 2003. Regarding employees, Smith stated that he worked by himself about 50 percent of the time and either had somebody representing him at a job location or had workers with him the other 50 percent of the time. Smith testified that Sanchez worked only 25–30 hours a week on a "fairly consistent" basis and that Sanchez asked him to "take care of the money" from the clients and give him cash. Smith also testified that he did not provide tools to Sanchez and that Sanchez had his own tools that he brought to job sites. Smith further testified that he had no control over Sanchez and that Sanchez had told him before that he had other jobs and worked for other people.

¶5          The ALJ found that Smith was an employer under the Workers Compensation Act. The ALJ also found that Smith had the right to control Sanchez's work and that Sanchez was Smith's employee when his injury occurred. As such, the ALJ affirmed Sanchez's worker's compensation claim as compensable. Smith requested review, but the ALJ affirmed. Smith timely appealed.

## DISCUSSION

¶6          Smith argues that the ALJ erred by finding that Sanchez was his employee. "In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law de novo." *Wozniak v. Indus. Comm'n*, 238 Ariz. 270, 273 ¶ 7 (App. 2015). We view the evidence in the light most favorable to upholding the ALJ's award. *Id.* Because Sanchez was Smith's employee at the time he became injured, no error occurred.

¶7          Arizona Revised Statues section 23–902 governs whether a worker is an employee or an independent contractor for purposes of worker's compensation claims. It provides in pertinent part that "[w]hen an employer procures work to be done for the employer by a contractor over whose work the employer retains supervision or control, and the work is a part or process in the trade or business of the employer," then the contractor is the employer's employee. A.R.S. § 23–902(B). On the other hand, when the contractor is "independent" of the business and "not subject to the rule of control of the business for which the work is done," the worker is an independent contractor. A.R.S. § 23–902(C). A worker's employment status is liberally construed to achieve the remedial purposes of the Worker's Compensation Act. *Mitchell v. Gamble*, 207 Ariz. 364, 371 ¶ 22 (App. 2004).

¶8            Smith does not dispute that the work Sanchez did for him is "a part or process" in Smith's business. Therefore, whether Smith retained supervision or control of Sanchez is the only issue. Sanchez testified that he worked for Smith 40 hours a week for ten years and that he would learn about the jobs each day when Smith would text him. He also testified that when Smith would text him about jobs, he had to show up. Sanchez also testified that he never had his own business and that Smith provided all the tools necessary to complete job projects. He further testified that Smith sometimes dictated the time frame that a work project had to be finished and that he had to complete the project in the manner Smith wanted. This evidence is sufficient to support the ALJ's determination that Smith had control over Sanchez's work and that Sanchez was Smith's employee.

¶9            Smith counters that he did not exercise any control over Sanchez. But under A.R.S. § 23–902(B), an employer does not need to exercise control over the worker for the worker to be an employee. When the work is part of the employer's trade or business, the employer need only retain supervision or control over the individual's work. The ALJ specifically found that Smith had the right to control Sanchez's work even if he did not find the need to exercise that control.

¶10           Smith also challenges certain factual findings that the ALJ made, about which the parties provided conflicting testimony. He claims that he did not provide any tools to Sanchez, Sanchez worked for other people in addition to Smith, and Sanchez was the one who requested that payment be made in cash. The ALJ is the sole judge of witness credibility and the ALJ resolves all conflicts in the evidence and draws all warranted inferences. *Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 191 ¶ 9 (App. 2013). The ALJ found Sanchez's testimony to be more credible than Smith's and resolved all conflicts in the evidence in Sanchez's favor. We refuse to disturb the ALJ's conclusions regarding the conflicting evidence because the conclusions are reasonable. *See id.* at 191–92 ¶ 9 ("[T]his court will not disturb the ALJ's conclusion unless it is wholly unreasonable.").

## CONCLUSION

¶11        For the foregoing reasons, we affirm the ICA's award.



AMY M. WOOD • Clerk of the Court
FILED:   AA